## SOILEAU et al. v. ROUGEAU.

A donation made by a wife to her husband during marriage, in case of her death without descendants or ascendants, will comprehend only the property, moveable and immoveable, existing at its date. C. C. 1514.

A donation *inter vivos* of moveables or immovables must be executed before a notary and two witnesses, under pain of nulilty. C. C. 1525. This is the only nullity of form declared by law ; and no other can be recognized. By the Code of 1808 a detailed estimate of the effects given was required to be inserted in, or annexed to, the act of donation, under pain of nulllty ; but the law was changed by the Code of 1825. The last paragraph of art. 1525 providing that " the act of donation ought to contain a detailed estimate of the effects given", is directory to the notary who executes it, and its omission may make him liable for any damage the parties may sustain in consequence thereof, or subject him to any penalty imposed by law for such neglect of duty, but cannot annul the act.

APPEAL from the District Court of St. Mary, *Voorhies*, J. *Swayze* and *Taylor*, for the plaintiffs, contended that an act of donation *inter vivos* of moveables must contain a detailed estimate of the effects, citing C. C. 1525. 3 Rob. 194. 8 Toullier, no. 180. *Dupré*, for the appellant. The judgment of the court was pronounced by

ROST, J. The plaintiffs, heirs in the collateral line of *Marianne Soileau*, deceased without issue and leaving no ascendants, claim her entire succession from her husband. The defendant sets up title to the entire succession, under a donation *inter vivos* of present and future property, executed by his wife in his favor, on the 12th of June, 1829, during the existence of the marriage. The court below maintained the donation, for the immovables and slaves acquired previous to its date, but gave judgment in favor of the plaintiffs for the immovables and slaves subsequently acquired, and for all the moveable property left by the deceased at her death. The defendant appealed.

We concur in the opinion of the judge of the first instance, that the donation could comprehend only the present property of the donor, and that it is null so far as it embraces future property. C. C. 1514. But we are unable to agree with him that the donation is also null for the moveables, which the donor possessed when it was made. In donations of moveables, the old Code required a detailed estimate of the effects given to be inserted in, or annexed to, the act of donation, under pain of nullity ; but the law was changed by the present Code. Article 1525 provides that a donation of moveables will not be valid

---

unless an act be passed of the same before a notary and two witnesses. This is the only nullity of form declared by law; and, under our repeated decisions on similar questions, we can recognise no other. The last paragraph of the article cited, providing that the act ought to contain a detailed estimate. is directory to the notary who executes the act. The omission of this formality subjects that officer to the payment of all damages which the parties may sustain by reason thereof, and to such penalties as the law may pronounce against him for neglect of duty; but it does not authorize us to annul the donation.

It is therefore ordered that the judgment in this case be reversed; that the defendant be quieted in his possession and title to all the property claimed, which belonged to *Marianne Soileau,* his wife, and to the community existing between them, on the 12th day of June, 1829; and that the plaintiffs recover all the property which may have been acquired by the deceased in her own right, and one half of the property acquired by the community, since that date. It is further ordered that the case be remanded for the purpose of settling the succession of *Marianne Soileau,* in accordance with the views expressed in this opinion, and that, in the settlement, the defendant be charged with one half of the community debts. It is finally ordered that the costs of this appeal be paid by the plaintiffs and appellees.